# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:18-CR-00048-CAS |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION** |
| v. | |
| IVAN GREENHUT, | |
| Defendant | |

## I. INTRODUCTION AND BACKGROUND

On January 23, 2017 defendant Ivan Greenhut was sentenced to 24 months of imprisonment following his conviction at trial for conspiring to give illegal gratuities in violation of 18 U.S.C. § 371. Specifically, a jury found that Greenhut offered illegal gratuities to government employees in the United States and the Philippines in exchange for purchases from companies that Greenhut owned or operated. The Court subsequently released Greenhut on bail pending his appeal.

During this release, Greenhut was arrested on charges of possession and distribution of child pornography. ECF No. 4. Arresting agents found that Greenhut possessed 107

videos containing child pornography on a laptop and had distributed three videos containing child pornography using a file-sharing platform online. Id. Pursuant to a binding plea agreement, on April 5, 2018, the Court sentenced Greenhut to 40 months of imprisonment to run concurrently to the undischarged term of imprisonment imposed in Greenhut's prior conviction for the illegal gratuities. ECF No. 29.

Greenhut filed the instant motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c) on April 17, 2019. ECF No. 38 ("Motion").[1] The motion attaches declarations from Greenhut's adult children with his ex-wife, as well as a declaration from a sister. Id. at Exs. A6-A8. On May 2, 2019, Greenhut filed an "addendum," to which he attached various medical records. ECF No. 39 ("Addendum"). The United States filed an opposition, or in the alternative, a motion to dismiss, on July 29, 2019. ECF No. 43 ("Opp."). Greenhut filed a reply on August 8, 2019. ECF No. 46 ("Reply"). The government filed a supplement to its opposition on August 9, 2019. ECF No. 45 ("Supp. Br.").

Having considered the parties' arguments, the Court finds and concludes as follows.

## II.  LEGAL STANDARD

Pursuant to the amendments enacted by the First Step Act of 2018, a district court may grant a reduction in sentence pursuant to § 3582(c)(1) if, after considering the sentencing factors set forth by 18 U.S.C. § 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). See United States v. Eidson, No. 17-CR-00490-SI, 2019 WL 3767570,

---

[1] Greenhut, appearing pro se, titles his motion as arising under 18 U.S.C. § 3582(c)(2). However, the sentencing relief provided by subsection (c)(2) only applies to defendants who were "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." See 18 U.S.C. § 3582(c)(2). Because this section does not apply to the offenses for which Greenhut has been convicted, the Court—like the United States—construes the motion to arise under § 3582(c)(1) instead.

at *1 (N.D. Cal. Aug. 9, 2019). The Sentencing Commission defines "extraordinary and compelling reasons" to include reasons related to (a) the medical condition of the defendant, (b) the age of the defendant, (c) certain family circumstances, and (d) other specific reasons. See U.S.S.G. § 1B.1.13, Application Note 1. The defendant bears the initial burden to put forward evidence that establishes an entitlement to a sentence reduction. United States v. Sprague, 135 F.3d 1301, 1306-07 (9th Cir. 1998).

Although the First Step Act now allows a defendant to bring a motion pursuant to § 3582(c)(1) for a sentence reduction in his own right, before a defendant can so move, a defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or else establish that "the warden of the defendant's facility" has received "such a request" and failed to act on that request within 30 days. Id. at § 3582(c)(1)(A).

### III. DISCUSSION

Greenhut requests a reduction of his sentence in order to care for and spend time raising a 13 year old son in the Philippines, obtain healthcare, and attend to his business interests. See Mot. 3-13. The United States opposes on grounds that (i) Greenhut has failed to exhaust his administrative remedies with respect to his request for healthcare, and that (ii) Greenhut does not, in any case, raise any "extraordinary and compelling" reasons that justify a sentence reduction. See Opp. at 2-7; Supp. Br. at 2.

**A. Greenhut Has Not Exhausted His Administrative Remedies With Respect To His Medical Care Requests**

Greenhut claims that a sentence reduction is warranted in part because he requires access to medical care that is not adequately available to him at the prison facility where he is housed. Mot. at 3.

At the time Greenhut filed the instant motion, however, he had not submitted a request for compassionate release on this basis to the warden at his federal prison facility. See Reply at 2; Supp. Br. at 2. According to the administrative documents attached to the motion, the only request Greenhut made to the prison warden prior to filing this motion

was for "compassionate release based on *non-medical* circumstances" related to Greenhut's claim that "the family member caregiver" responsible for his foreign-born son "has been incapacitated." See Mot. at Ex. A1 (attaching warden's decision declining to make motion on Greenhut's behalf) (emphasis added); see also Mot. at Ex. A2-A3 (attaching Greenhut's narrative statement submitted to the warden, which does not discuss any medical basis for compassionate release).[2]

Pursuant to § 3582(a), the Court is therefore required to deny Greenhut's motion with respect to his medical care request on this basis alone.

### B. Greenhut Does Not Raise Any Compelling or Extraordinary Reasons To Justify Early Release

Greenhut principally claims that a sentence reduction is warranted because a now 13-year-old child he fathered with a woman in the Philippines would benefit from his care and attention, and, to a lesser extent, because his businesses are deteriorating in his absence. Mot. at 4-13. The government responds that these desires are "neither extraordinary nor compelling," are "likely shared by every incarcerated defendant," and in fact reflect "the very consequences of defendant's crimes, which defendant embarked on knowingly and intentionally." Opp. at 4.

The Court agrees with the government. At the outset, the deterioration of Greenhut's business interests that have resulted from his incarceration is not a basis for a sentence reduction. The Sentencing Guidelines do not identify lost economic prospects as among those factors that are either compelling or extraordinary, and, in fact, Greenhut is serving a prison sentence in part because he used his businesses to commit serious felonies. As the government contends, "the debarment of defendant's business, which provided illegal

---

[2] Although Greenhut later submitted requests to the warden for release related to his claimed medical needs, because these requests postdated this motion, they do not satisfy his statutory exhaustion obligations with respect to this motion.

gratuities to government officials, was a predictable and well-warranted consequence of defendant's criminal conduct." Opp. at 4.

Greenhut's arguments with respect to his son also do not support early release. Although certain family circumstances affecting the welfare of a child *may* provide a basis for a sentence reduction, the Sentencing Guidelines state that only the "death or incapacitation of the caregiver of the defendant's minor child" may constitute an extraordinary or compelling basis to grant a motion for release. See U.S.S.G. § 1B1.13(1)(B). Greenhut does not contend that his son's caregiver—the boy's mother, with whom he lives in the Philippines, and who Greenhut describes as a loving parent, see Mot. at 10—is dead, and Greenhut has not submitted evidence that she is incapacitated. Rather, Greenhut asserts, without any factual support, that the boy's mother is "absolutely incapable of giving [his son] what he needs, or understanding what he may become, and what his life opportunities are." Id. In lieu of evidence, Greenhut's arguments rely on stereotypes about "third-world poverty" and the allegedly harmful consequences that will inure to his son if Greenhut is not released to teach him, bond with him, and ensure that he "grows into a first-world man." Mot. at 9. For example, while Greenhut attaches news clippings that purport to show that the Philippines is a "dangerous third-world country" not suited for the education and welfare of a "first-world" child, Greenhut does not identify any specific threats to his son, or his son's mother, let alone any threats to them that would warrant his early release under the Sentencing Guidelines.

At bottom, Greenhut would like an opportunity to be present in his child's life. See Mot. at 8. Taking that quite understandable and ordinary request at face value, this desire is still not a basis to shorten Greenhut's sentence, but part of the very penal function that sentence is intended to impose.

The Court also finds that Greenhut's medical care requests, even if they were properly submitted upon the adequate exhaustion of administrative remedies, would not justify early release, either. The Sentencing Guidelines indicate that a defendant may be entitled to a sentence reduction if he is (i) "suffering from a terminal illness"—meaning "a

-5-

serious and advanced illness with an end of life trajectory"—such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia," or (ii) suffering from a serious illness or impairment "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility *and from which he or she is not expected to recover*." See U.S.S.G. § 1B1.13(1)(A) (emphasis added).

Greenhut has not submitted any evidence that satisfies either of these standards. The medical records he submits from his March 2018, April 2018, October 2018, and January 2019 visits to Bureau of Prisons ("BOP") physicians indicate only that Greenhut has a history of skin cancer and skin lesions, for which he has been and is being treated. See Addendum at Ex. A at 228-241. That treatment appears to be effective. For example, following an examination on January 14, 2019, Greenhut's treating BOP physician Dr. Mark Maida states that "none" of the lesions previously observed by physicians in the March 2018, April 2018, and October 2018 medical reports were "clinically evident" to him in January 2019. Id. at 241. Most critically, Greenhut submits no evidence that any of his skin conditions are terminal, or serious enough to diminish his ability to care for himself without any possibility for recovery. The medical issues Greenhut raises accordingly provide no basis for a reduction in sentence, even assuming Greenhut had adequately exhausted his administrative remedies with respect to those issues prior to filing this motion.

### IV. CONCLUSION

For the foregoing reasons, Greenhut's motion for a reduced sentence is **DENIED**.

**IT IS SO ORDERED.**

DATED: November 21, 2019

*Christina A. Snyder*

CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE