# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 2:18-CR-00048-CAS - 1 |
| Plaintiff, | ) **ORDER DENYING DEFENDANT'S** |
| v. | ) **MOTION FOR RECONSIDERATOIN** |
| | ) **OF ORDER DENYING** |
| IVAN GREENHUT, | ) **DEFENDANT'S MOTION FOR** |
| | ) **SENTENCE REDUCTION** |
| Defendant | ) |

## I.  INTRODUCTION AND BACKGROUND

On January 23, 2017 defendant Ivan Greenhut was sentenced to 24 months of imprisonment following his conviction at trial for conspiring to give illegal gratuities in violation of 18 U.S.C. § 371. Specifically, a jury found that Greenhut offered illegal gratuities to government employees in the United States and the Philippines in exchange for purchases from companies that Greenhut owned or operated. The Court subsequently released Greenhut on bail pending his appeal.

/ / /

During this release, Greenhut was arrested on charges of possession and distribution of child pornography. ECF No. 4. Arresting agents found that Greenhut possessed 107 videos containing child pornography on a laptop and had distributed three videos containing child pornography using a file-sharing platform online. Id. Pursuant to a binding plea agreement, on April 5, 2018, the Court sentenced Greenhut to 40 months of imprisonment to run concurrently to the undischarged term of imprisonment imposed in Greenhut's prior conviction for the illegal gratuities. ECF No. 29.

Greenhut filed a motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c) on April 17, 2019. ECF No. 38.[1] On November 21, 2019, the Court denied Greenhut's motion. See ECF No. 47 ("Order"). Greenhut filed the instant motion for reconsideration on December 5, 2019. See ECF No. 48 ("Motion"). The government filed an opposition on January 13, 2020. See ECF No. 50 ("Opp."). Greenhut filed a reply on January 27, 2020. See ECF No. 51 ("Reply").

Having considered the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

Pursuant to the amendments enacted by the First Step Act of 2018, a district court may grant a reduction in sentence pursuant to § 3582(c)(1) if, after considering the sentencing factors set forth by 18 U.S.C. § 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). See United States v. Eidson, No. 17-CR-00490-SI, 2019 WL 3767570, at *1 (N.D. Cal. Aug. 9, 2019). The Sentencing Commission defines "extraordinary and

---

[1] Greenhut, appearing pro se, titles his motion as arising under 18 U.S.C. § 3582(c)(2). However, the sentencing relief provided by subsection (c)(2) only applies to defendants who were "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." See 18 U.S.C. § 3582(c)(2). Because this section does not apply to the offenses for which Greenhut has been convicted, the Court—like the United States—construes the motion to arise under § 3582(c)(1) instead.

compelling reasons" to include reasons related to (a) the medical condition of the defendant, (b) the age of the defendant, (c) certain family circumstances, and (d) other specific reasons. See U.S.S.G. § 1B.1.13, Application Note 1. The defendant bears the initial burden to put forward evidence that establishes an entitlement to a sentence reduction. United States v. Sprague, 135 F.3d 1301, 1306-07 (9th Cir. 1998).

Although the First Step Act now allows a defendant to bring a motion pursuant to § 3582(c)(1) for a sentence reduction in his own right, before a defendant can so move, a defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or else establish that "the warden of the defendant's facility" has received "such a request" and failed to act on that request within 30 days. Id. at § 3582(c)(1)(A).

A motion for reconsideration may only be granted if : "(1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law." Turner v. Burlington Northern Santa Fe R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotation marks, citations, and alterations omitted). See also School Dist. No. 1J, Multnomah Cnty, Or. v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted).

**III. DISCUSSION**

In his initial motion, Greenhut requested early release to accommodate his medical condition, and to care for a minor child. See ECF No. 38. The Court considered these arguments, and determined in its prior Order that Greenhut had not raised any evidence that would qualify him for a reduced sentence on either basis. See Order at 3-7. Greenhut now moves for reconsideration, principally on grounds that the Court did not adequately consider his medical arguments. See Mot. at 1.

Greenhut, however, has not raised any new facts, legal arguments, or other circumstances that justify revisiting, or altering, the Court's prior order denying Greenhut's application for early release. With respect to Greenhut's medical condition, which the Court addressed at length in its Order, the Sentencing Guidelines state that a defendant may be entitled to a sentence reduction for medical reasons only if he is (i) "suffering from a terminal illness"—meaning "a serious and advanced illness with an end of life trajectory," or (ii) suffering from a serious illness or impairment "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." See U.S.S.G. § 1B1.13(1)(A). None of the submitted medical records demonstrate that Greenhut is suffering from a "terminal illness," or a sufficiently serious illness "from which [he] is not expected to recover" that prevents him from taking care of himself "within the environment of a correctional facility." Id. The records simply demonstrate that Greenhut is receiving some ongoing level of treatment for his medical conditions. See, e.g., Mot. at Ex. F (attaching a "hematology-oncology consultation" report from July 31, 2019). Greenhut may be dissatisfied with the level of care he is receiving, but that is not a basis for early release. See U.S.S.G. § 1B1.13(1)(A). Greenhut submits no evidence or argument in support of his motion for reconsideration that justifies revisiting the Court's prior Order denying Greenhut's request for early release on grounds related to his medical condition.

With respect to Greenhut's concern for his minor child, which the Court's prior Order also addressed at length, only the "death or incapacitation of the caregiver of the defendant's minor child" may constitute an extraordinary or compelling basis to grant a motion for early release. See U.S.S.G. § 1B1.13(1)(B). The Court previously found no evidence to support a reduction to Greenhut's sentence on this basis. See Order at 4-5. In his motion for reconsideration, Greenhut submits no new evidence or argument that would justify revisiting the Court's prior Order denying Greenhut's request for early release on this basis.

///

-4-

## IV. CONCLUSION

For the foregoing reasons, Greenhut's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

DATED: January 31, 2019

                                            CHRISTINA A. SNYDER
                                     UNITED STATES DISTRICT JUDGE